IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RICK BUTLER, an individual, CHERYL BUTLER, an individual, and GLV, INC., an Illinois Corporation,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>NANCY HOGSHEAD-MAKAR, an individual, CHAMPION WOMEN, a Florida Not-For-Profit Corporation, and DEBORAH DIMATTEO,<br><br>    *Defendants.* | **Case No. 1:21-cv-6854**<br><br>Honorable Charles P. Kocoras |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND PURSUANT TO THE FLORIDA AND NEVADA ANTI-SLAPP STATUTES

NOW COME the defendants, Nancy Hogshead-Makar ("Hogshead-Makar"), Champion Women ("Champion Women"), and Debra DiMatteo ("DiMatteo"), (collectively, "Defendants"), by and through their legal counsel, and together, respectively move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for entry of an order dismissing *with prejudice* plaintiffs' First Amended Complaint and, pursuant to Florida and Nevada's anti-SLAPP statutes, an award of Defendants' reasonable attorney's fees and costs. In support thereof, Defendants jointly submit the following:

    1.    Plaintiff, Rick Butler ("Butler"), is, by his own admissions, "the most powerful coach in the sport of junior volleyball." First Am. Compl. ¶ 2 (Doc. #15) ("Compl.").

    2.    The First Amended Complaint details the decades of success and notoriety Butler and his wife, Cheryl, have achieved through their business, GLV, Inc., in hosting volleyball tournaments, camps, clinics and other sporting events. *Id.* at ¶¶ 3, 11-14.

3. Plaintiffs also detail the decades of bad publicity surrounding them as a result of Butler's admitted decision to engage in sexual relationships with the young female volleyball players he coached. *Id.* at ¶¶ 4-6, 9, 10-11, 17, 19, 101, 128, 132, 137, 144, 153 & p.24, nn.6-7.

4. The accusations of his victims, statements and admissions by Butler, disciplinary findings by administrative agencies and subsequent lawsuits (filed by and against Butler) in connection with this public interest issue have collectively generated *decades* of publicity, as well as social justice and public policy discussions reaching the highest ranks of sports governance in this country. *Id..*

5. The Defendants, who are staunch advocates for women's rights in athletics, joined the loud and already-public discourse about Butler and now find themselves defending a lawsuit designed to disrupt their social justice efforts and bankrupt them in the process. *Id.* at ¶¶ 16, 36, 38 & 88.

6. This lawsuit arises from Plaintiffs' distaste over publicity surrounding (a) Butler's uncontroverted history of engaging in sexual and emotional relationships with his minor volleyball players, (b) Butler's checkered history, and (c) the Defendants' collective efforts to educate members of the volleyball community and influence their disassociation with Butler because of the numerous, well-documented accusations and findings against him. *Id.* at ¶¶ 25, 50-52, 56-57, 59-61, 68, 73, 89-90, 93, 121, 136, 143-44, 146, 155, 165, 180-81, 189-90, 198-200 & 211.

7. Plaintiffs attempt to allege causes of action for Tortious Interference (Counts I and II), violation of the Uniform Deceptive Trade Practices Act (Count III) and Illinois' Consumer Fraud Act (Count IV) and Civil Conspiracy (Count V).

8. However, each claim asserted is based solely on the protected speech of the Defendants on matters of public interest. *Id.* at ¶¶ 21, 25, 50-52, 56-61, 68, 71, 73, 80-82, 89-90, 92-93, 121, 136, 143-44, 146, 148, 151 & 180.

9. Illinois law strictly rejects efforts by a plaintiff to evade free speech defenses and the limited, one-year statute of limitations by masquerading their defamation action by another name.

*Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.,* 227 Ill. 2d. 381, 402-03 (2008); *see also Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 56 (1988).

10. As detailed in Defendants' contemporaneously filed Memorandum of Law, Plaintiffs cannot cure the defects through another amendment of their pleading where:

   a. As pled, the offending public statements at the heart of each count were voiced *more than one year before their lawsuit was filed*, and as such, they are categorically time-barred;

   b. Plaintiffs are each considered a "public figure" who faces a heightened pleading standard of demonstrating Defendants acted with "actual malice" -- Plaintiffs have not and cannot meet this burden;

   c. Plaintiffs' state-law-based claims are based on constitutionally protected speech and Defendants actions are shielded by the Fair Reporting Privilege;

   d. Defendants' offending speech is not the type of disparagement and deceptive trade practices that the Illinois commercial statutes were designed to protect against; and

   e. Plaintiffs' claims are preempted by certain statutory defenses enacted to prevent retaliatory litigation against those who speak publicly on matters of public concern.

11. To that end, a majority of the states in this country have enacted laws to preempt the exact type of abusive litigation tactic employed by Plaintiffs in this case.

12. "Strategic lawsuits against public participation" or "SLAPPs" are lawsuits disguised as defamation, tortious interference or related causes, but the overarching purpose is to prevent the target defendants from engaging in constitutionally protected activities; namely, free speech.

13. As explained in the attending Memorandum of Law, Northern District openly recognizes that the domicile state of the speaker is the key factor in determining what state statute governs a particular defendant's SLAPP defense.

14. Here, Florida's (Hogshead-Makar and Champion Women) and Nevada's (DiMatteo) respective anti-SLAPP statutes are properly considered and dictate an immediate dismissal of all claims and also mandate the reimbursement of costs and attorneys' fees expended by the Defendants to combat the SLAPP.

15. In accordance with this Court's Order entered on June 17, 2022 (Doc. #19), Defendants are concurrently filing a joint memorandum in support of this motion in excess of the fifteen-page limit prescribed by the local rules.

**WHEREFORE**, for the reasons set forth above and in the attending Memorandum of Law, the defendants, Nancy Hogshead-Makar, Champion Women and Debra DiMatteo, respectfully request that this Court (a) enter a dismissal *with prejudice* of Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6), (b) enter an award of the Defendants' respective attorneys' fees and costs pursuant to the applicable Florida and Nevada anti-SLAPP statutes, and (c) enter any additional relief this Honorable Court deems just and fair under the circumstances and in obeyance of the law.

Respectfully submitted,
**SmithAmundsen LLC**

_____
Danessa P. Watkins

Ryan B. Jacobson, Esq (ARDC No. 6269994)
Danessa P. Watkins, Esq (ARDC No. 6314234)
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
Phone: (312) 894-3252
rjacobson@smithamundsen.com
dwatkins@smithamundsen.com