UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICK BUTLER, CHERYL BUTLER, and GLV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NANCY HOGSHEAD-MAKAR, CHAMPION WOMEN, and DEBORAH DIMATTEO, <br><br> Defendants. | No. 21 CV 6854 <br><br><br> Magistrate Judge Young B. Kim <br><br><br><br><br> September 23, 2025 |

**ORDER**

Plaintiffs Rick Butler ("Rick"), Cheryl Butler, and GLV, Inc. bring this business interference suit alleging that Defendants Nancy Hogshead-Makar, Champion Women, and Deborah DiMatteo weaponized decades-old sexual assault allegations against Rick in order to ruin Plaintiffs' volleyball business. Before the court is Plaintiffs' motion for reconsideration of the court's July 25, 2025 order addressing Defendants' fee petition and request for sanctions. For the following reasons, the motion is denied:

**Background**

On May 14, 2025, the court granted Defendants' motion to seal a document that Plaintiffs' attorney, Danielle D'Ambrose, filed on the public docket, (see R. 97, Pls.' Mot. for Leave to File 2d Am. Compl.), because it included information designated as Attorney's Eyes Only ("AEO") under the parties' Confidentiality Order, (R. 118, May 14, 2025 Order; see also R. 104, Defs.' Mot. to Seal and for Sanctions).

The court also granted in part Defendants' request for sanctions, ordering Attorney D'Ambrose to reimburse Defendants for reasonable fees incurred in connection with the motion to seal and to compensate two alleged victims referenced in a complaint filed with the United States Center for SafeSport ("the SafeSport Complaint").[1] (R. 119, May 14, 2025 Mem. Op. and Order at 9.)

The court granted Defendants until May 28, 2025, to file their fee petition and to suggest an appropriate amount as sanctions to compensate the alleged victims, and Attorney D'Ambrose until June 11, 2025, to file a response thereto. (R. 118, May 14, 2025 Order.) Defendants timely filed their petition seeking $33,942.50 in attorney fees and urging the court to award $250,000 in sanctions for the alleged victims. (R. 120, Defs.' Pet. for Fees and Sanctions at 3, 11-14.) On June 11, 2025, instead of filing a response to Defendants' petition, Plaintiffs moved for leave to file under seal: (1) a motion to reconsider the court's May 14, 2025 memorandum opinion and order; (2) an affidavit from Attorney D'Ambrose; and (3) deposition transcript excerpts of Defendant Hogshead-Makar. (R. 121, Pls.' Mot. for Leave to File Under Seal.) The

---

[1] In finding that Attorney D'Ambrose improperly disclosed identifying information regarding the reporters involved in the SafeSport Complaint, the court pointed out that the Confidentiality Order classifies such information as AEO. (R. 55, Confidentiality Order ¶¶ 2(a) & (b).) More than six months before Attorney D'Ambrose's disclosure, the court also warned her that she could "not share the [SafeSport Complaint] with Plaintiffs or discuss the substance of the [same] with [them]." (R. 74, July 1, 2024 Order.) Just before the disclosure, Defendants asked Attorney D'Ambrose to remove information identifying the reporters involved in the SafeSport Complaint "from the third bullet point on page 8" of the motion for leave to file the second amended complaint. (R. 104-1, Watkins Decl. ¶¶ 5, 8 & Ex. B at 1.) Nevertheless, on January 24, 2025, Attorney D'Ambrose publicly filed the motion including AEO information. (R. 97, Pls.' Mot. for Leave to File 2d Am. Compl.)

following day, on June 12, 2025, the court denied without prejudice Plaintiffs' motion for failure to "articulate the basis for good cause to justify the sealing," as required by LR 26(c)(3), and to set forth what "newly discovered evidence" would be included in the motion for reconsideration.[2] (R. 123, June 12, 2025 Order.) Plaintiffs did not refile their motion for leave to file under seal.

Six weeks later, on July 25, 2025, the court ruled on Defendants' petition for fees and for sanctions without the benefit of Attorney D'Ambrose's opposition, awarding $25,000 in reasonable attorney fees to Defendants and $5,000 to each of the two alleged victims as sanctions. (R. 124, July 25, 2025 Order.) The court ordered Attorney D'Ambrose to submit $35,000 total to Defendants by August 29, 2025, for proper distribution. (Id.) On August 22, 2025, Plaintiffs filed the current motion asking the court to reconsider this ruling. (See R. 127, Pls.' Mot.) Plaintiffs assert that "extraordinary circumstances warrant reconsideration" because Attorney D'Ambrose suffered "a sudden and severe medical crisis" after June 12, 2025, which interfered with her ability to respond. (See id. at 3; R. 127-1, Attorney D'Ambrose Decl. ¶¶ 11-15.) Plaintiffs style their motion as one to reconsider the court's July 25, 2025 order on Defendants' petition for fees and sanctions. (See R. 127, Pls.' Mot. at 1.) But the motion itself and attached declaration from Attorney D'Ambrose seek

---

[2] Because a motion for reconsideration is permitted only "to correct manifest errors of law or to present newly discovered evidence," *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008), the court explained that unless the information to be included in the motion for reconsideration was "newly discovered evidence," there was no need for Plaintiffs to refer to information not already part of the record in order to argue that the court made "errors of law." (R. 123, June 12, 2025 Order).

3

broader relief, including reconsideration of the court's May 14, 2025 decision finding attorney fees and sanctions appropriate based on Attorney D'Ambrose's violation of court orders, (R. 119, May 14, 2025 Mem. Op. and Order). (R. 127, Pls.' Mot. at 4; R. 127-1, Attorney D'Ambrose Decl. ¶¶ 5-7, 10, 15, 16.)

## Analysis

Nearly six months after the parties finished briefing Defendants' motion to seal and for sanctions, (R. 104, Defs.' Mot. to Seal and for Sanctions), and more than three months after the court ruled on that motion, (R. 119, May 14, 2025 Mem. Op. and Order), Plaintiffs ask this court for permission to renew their "previously prepared motion to reconsider the sanctions order," (R. 127, Pls.' Mot. at 4). Plaintiffs did not re-file their earlier motion for reconsideration, (see R. 121, Pls.' Mot. for Leave to File Under Seal), after the court denied without prejudice their motion to file such document under seal for failure to provide good cause, (R. 123, June 12, 2025 Order). They now say they were precluded from renewing their motion to reconsider because Attorney D'Ambrose suffered undisclosed medical issues at some point after June 12, 2025. (See R. 127, Pls.' Mot. at 3; R. 127-1, Attorney D'Ambrose Decl. ¶¶ 11-15.)

Plaintiffs do not develop this argument, except to say that they would like "a meaningful opportunity to respond to Defendants' new arguments raised in their Reply brief." (R. 127, Pls.' Mot. at 4.) But Defendants filed that reply on February 26, 2025. (See R. 116, Pls.' Reply.) If Plaintiffs believed that Defendants raised new arguments in their reply, the proper course of action would have been to timely move for leave to file a sur-reply, not to seek reconsideration after the court's ruling several

4

months later. Regardless, Plaintiffs never identify which arguments in Defendants' reply are purportedly "new" or why they justify the court's reconsideration of the issues already briefed. (See generally R. 127, Pls.' Mot.)

Nor do Plaintiffs specify any "manifest errors of law or . . . newly discovered evidence," *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008), warranting reconsideration. Under Federal Rule of Civil Procedure 60(b), a court may only "relieve a party from a final judgment or order based on, among other reasons, 'mistake, inadvertence, surprise, or excusable neglect'; 'newly discovered evidence that, with reasonable diligence, could not have been discovered . . .'; or 'fraud . . . , misrepresentation, or misconduct by an opposing party.'" *Hicks*, 531 F.3d at 474 (citing Rule 60(b)). Plaintiffs make no attempt to satisfy this rule. In any event, Rule 60(c) requires a motion for reconsideration to be filed within "a reasonable time." Especially considering Plaintiffs have not identified the specific grounds for a motion for reconsideration, it is simply too late for the court to entertain such a motion as to its May 14, 2025 ruling.

Plaintiffs next ask the court to reconsider its July 25, 2025 order requiring Attorney D'Ambrose to pay $25,000 in reasonable attorney fees to Defendants and $5,000 in sanctions to each of the two alleged victims by August 29, 2025. (R. 124, July 25, 2025 Order.) Plaintiffs claim they could not respond to Defendants' fee petition and sanctions request before the court issued its July 25, 2025 order because Attorney D'Ambrose suffered "a sudden and severe health issue" after June 12, 2025. (See generally R. 127, Pls.' Mot.; R. 127-1.) As a result, Plaintiffs ask the court to give

5

them "a meaningful opportunity to be heard before any monetary sanctions are imposed" because the award is a "life-altering monetary sanction." (R. 127, Pls.' Mot at 3-4.)

Although the court is sympathetic to Attorney D'Ambrose's medical issues, the court ordered Plaintiffs to respond to Defendants' fee petition and suggested sanctions amount by June 11, 2025. (R. 118, May 14, 2025 Order.) Attorney D'Ambrose did not do so. In fact, she instead filed a motion for leave to file her motion for reconsideration under seal on June 11, 2025, which the court denied without prejudice. She does not specify when her medical issues began but admits that it was "[s]hortly after" June 12, 2025. (R. 127-1 ¶ 11; see also R. 121, Pls.' Mot. for Leave to File Under Seal.) Attorney D'Ambrose thus had a meaningful opportunity to respond on or before June 11, 2025, as ordered, but chose not to do so—and she never sought an extension of time or otherwise.

Nonetheless, the court reviewed and considered the billing entries Defendants submitted—which documented 64.4 hours spent on tasks related to the motion and related papers underlying the fee petition and 32.4 hours spent on the fee petition itself—and discounted the total fee amount based on redundant or unnecessary hours logged. (R. 124, July 25, 2025 Order.) The court ultimately settled on $25,000 as the reasonable fee amount Attorney D'Ambrose must reimburse. (Id.) And while Defendants initially sought "no less than $5,000" per alleged victim in their motion for sanctions, they asked for 25 times that amount per alleged victim in the fee petition. (Id.) The court found that higher amount disproportional to the harm

6

Attorney D'Ambrose caused and ordered her to pay $5,000 to each of the two alleged victims. Plaintiffs have not identified any specific grounds for the court to reconsider its findings in accordance with the requirements set forth in Rule 60. Accordingly, the motion is denied. Having said that, Attorney D'Ambrose is granted additional time to reimburse Defendant and to pay the ordered sanctions.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**