**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICK BUTLER, CHERYL BUTLER, and GLV, INC.,** | ) | **No. 21 CV 6854** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| **NANCY HOGSHEAD-MAKAR, CHAMPION WOMEN, and DEBORAH DIMATTEO,** | ) | |
| **Defendants.** | ) | **April 8, 2026** |

## ORDER

Plaintiffs are ordered to show cause why they should not be sanctioned for failing to comply with the court's January 31, 2026 and February 4, 2026 orders. (R. 158; R. 162.) The relevant procedural history leading up to this order is significant. Indeed, the court granted Plaintiffs four extensions in connection with their response to Defendant Deborah DiMatteo's timely filed October 28, 2025 summary judgment motion. And for each order, Plaintiffs either requested further extension, or more egregiously, failed to adhere to this court's instructions for which those grants were contingent—raising questions about Plaintiffs' conduct.

Specifically, when granting the first extension from December 5, 2025, to January 9, 2026, the court said the new deadline was "firm" given the pending October 20, 2026 jury trial date. (R. 151.) In response to the second request, the court said the new deadline, January 30, 2026, was "final" per Plaintiffs' own motion, (R. 153 (styling motion as "second and final motion for extension of time")), and

warned that it would "rule on the motions for summary judgment without Plaintiffs' response if they d[id] not timely file one," (R. 155). But close to midnight on January 30, 2026, Plaintiffs filed yet another extension motion, citing difficulty electronically filing the completed response to DeMatteo's motion. (R. 156.) Although the court granted the request the following day, pushing the response deadline to February 2, 2026, it ordered Plaintiffs to email the "original non-PDF version (e.g., the Word version) of the completed response with its document properties intact" to Defendants so they could verify Plaintiffs' assertions that their response was ready for filing as of January 30, 2026. (R. 158; see also R. 156 at 1.) The court imposed this condition in fairness to Defendants, given the previous warnings to Plaintiffs about the need to timely respond to DeMatteo's motion and the distrust between the parties.

The court then extended Plaintiffs' response deadline to close of business on February 4, 2026, (R. 162), following another motion Plaintiffs filed on February 2, 2026, claiming that once their attorney got her computer up and running, she discovered her recovered files were not the "most recent draft[s]," and that she must "revisit every document, exhibit, citation, etc." and "redraft[ ] large sections" of the response, (R. 159 at 1-2). Plaintiffs' motion acknowledged the court's prior order indicating that they must send Defendants a Word version of the documents they said were ready to file, (R. 159 at 2), and the court again ordered Plaintiffs to email Defendants "the Word version of the four documents noted" in their motion with "document properties intact so that Defendants may, if they wish, verify Plaintiffs' assertions," (R. 162).

Plaintiffs eventually filed their response brief and related documents an hour after the close of business on February 4, 2026. (R. 162; R. 163.) But despite two court orders requiring Plaintiffs to email Defendants the Word version of the relevant documents with document properties intact, (R. 158; R. 162), Plaintiffs failed to do so. Instead, at 6:31 p.m. on February 4, 2026, they emailed Defendants only the Word version of the documents they created that day. (R. 158; R. 162; R. 167; R. 176.)

In response to Defendants' complaint that Plaintiff failed to comply with the court's orders, the court on February 24, 2026, directed Plaintiffs to file a certificate of compliance by February 26, 2026, indicating that they had complied with the court's prior orders to email the versions of the relevant documents with "document properties intact." (R. 169.) When Plaintiffs failed to do so, the court ordered them to explain by March 3, 2026, why they had not complied. (R. 170.) Yet Plaintiffs filed nothing in response.

This court has "inherent authority to sanction those who show 'willful disobedience of a court order,' acted in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' for fraud on the court, delay, disruption, or 'hampering enforcement of a court's order.'" *Fuery v. City of Chi.*, 900 F.3d 450, 463 (7th Cir. 2018). Given Plaintiffs' unnecessary delay and violation of court orders, this court has adequate reason to strike or disregard Plaintiffs' response to DiMatteo's motion, Plaintiffs' statement of additional facts.

The court's principal concern here is not with Plaintiffs' delayed response but with the possibility that they made false statements about the reason for needing

additional time beyond January 30, 2026, and this suspicion triggers questions about their attorney's possible violation of ABA Model Rules of Professional Conduct 3.3, 3.4, 4.1, and 8.4. As explained during the motion hearing on March 17, 2026, the reason for requiring Plaintiffs to email a Word version of their responsive documents to Defendants is that such version would show when Plaintiffs created the documents. Even if a Word document is changed many times, the creation date remains the same. Based on Plaintiffs' representation to the court in their January 30, 2026 motion, (R. 156 at 1 ("Plaintiffs' response to DiMatteo's Motion for Summary Judgment are [sic] complete and have [sic] been prepared for filing since the early evening on January 30, 2026. However, during the course of saving the documents as PDF files, counsel's computer crashed and has become inaccessible.")), the metadata for these documents should show that Plaintiffs created them on or before January 30, 2026, which presumably would satisfy Defendants' suspicion and doubt about Plaintiffs' representations to the court.

However, instead of emailing the original documents Plaintiffs created (presumably before January 30, 2026), they instead emailed documents created on February 4, 2026. In so doing, Plaintiffs did not comply with the court's orders. During the March 17, 2026 motion hearing, the court directed Defendants to forward the Word documents Plaintiffs sent to them. A review of these documents shows that Plaintiffs deliberately saved the recovered documents—if they were in fact recovered—under a different name (e.g., "Draft DiMatteo Response – Recovered") and performed the "Save As" function changing the document creation date. The court's

IT department confirmed that when the "Save As" function is performed, the creation date of the document changes the date the function was performed. These facts tend to show that Plaintiffs did not have a summary judgment response ready to be filed on January 30, 2026. Instead, they misrepresented their computer issues to the court to secure an extension.

Accordingly, Plaintiffs are ordered to explain why they should not be sanctioned for failing to comply with the court's orders requiring them to "email the Word version of the four documents noted in the motion with its document properties intact so that Defendants may, if they wish, verify Plaintiffs' assertions in their extension motions." (R. 162; see also R. 158 (requiring Plaintiffs to "email the original non-PDF version (e.g., the Word version) of the completed response with its document properties intact so that Defendants may, if they wish, verify Plaintiffs' assertions in their extension motion").)

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**